IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Gilbert Valente Bojorquez, | ) | No. CV 10-418-TUC-CKJ (HCE) |
| Petitioner, | ) | **REPORT & RECOMMENDATION** |
| vs. | ) | |
| Deputy Warden Freeland; et. al., | ) | |
| Respondents. | ) | |

Pending before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). Pursuant to the Rules of Practice of this Court, this matter was referred to the undersigned Magistrate Judge. For the following reasons the Magistrate Judge recommends that the District Court dismiss Petitioner's Petition for Writ of Habeas Corpus.

**I.    FACTUAL & PROCEDURAL BACKGROUND**

    A.    State Proceedings

        1.    Conviction

On December 11, 1992, a grand jury indicted Petitioner for two counts of Sexual Conduct with a Minor Under Fourteen (Counts 1, 6), two counts of Sexual Abuse of a Minor

Under Fourteen (Counts 2, 4), two counts of Molestation of a Child Under Fourteen (Counts 3, 5), one count of Attempted Sexual Conduct with a Minor Under Fourteen (Count 7) and one count of Sexual Conduct with a Minor under Eighteen (Count 8), all committed beginning July 1991 through November 1992. (Answer, (Doc. 10) p. 2 & Exh. C). The State alleged that Counts 1 through 7 were dangerous crimes against children and that Petitioner had several prior felony convictions. (Answer, p. 2 & Exh. C). In April 1993, Petitioner pled guilty to Attempted Sexual Conduct with a Minor Under Fourteen and Sexual Abuse of a Minor Under Fourteen, committed against his then step-daughter sometime during July through September 1991, and the remaining charges were dismissed. (Answer, p. 2 & Exhs. A, B, D at pp. 4, 9). At Petitioner's sentencing on May 24, 1993, the court imposed an aggravated sentence for Sexual Abuse of a Minor Under Fourteen because of Petitioner's prior convictions and imposed consecutive terms of imprisonment totaling 25 years. (Answer, p. 2 & Exhs. D at pp. 14-15, E).

2.     First Petition for Post-Conviction Relief

On December 22, 2003, Petitioner filed his first Notice of Post-Conviction Relief pursuant to Ariz.R.Crim.P. 32.2. (Answer, p. 3 & Exhs. F, H; *see also* Petition, p.4). The trial court appointed counsel and on September 5, 2006, counsel, on behalf of Petitioner, filed Petitioner's Petition for Post-Conviction Relief (hereinafter "PCR Petition") asserting a violation of Petitioner's Sixth Amendment right to effective assistance of counsel and a violation of Petitioner's right to a jury trial as enunciated in *Blakely v. Washington,* 542 U.S. 296 (2004). (Answer, p. 2 & Exhs. I, J, K, L, M). On March 26, 2007, the trial court denied Petitioner's *Blakely* claim and set the remaining claim for hearing. (Answer, Exh. N). After a hearing, the trial court denied relief on April 3, 2007. (Answer, p. 2 & Exh. P). Although Petitioner indicates that he sought appellate review of this decision (Petition, p.5), the record reflects that he did not. (*See* Answer, p. 3 & Exh. F; *see also* Exhibits attached to the Petition).

3.     Subsequent Petition for Post-Conviction Relief Proceedings

On January 16, 2008, Petitioner filed a motion for appointment of counsel and a

second Notice of Post-Conviction Relief alleging claims of newly discovered evidence and a significant change in the law. (Answer, p. 3 & Exh. Q). The trial court denied Petitioner's request for counsel and set a deadline for the filing of Petitioner's Second PCR-Petition. (Answer, p. 3& Exh. R.). Petitioner filed a motion requesting a change of judge which was denied. (Answer, p. 3 & Exhs. S, T). Petitioner then sought relief from these rulings by filing a special action to the Arizona Court of Appeals. (Answer, p. 3 & Exh. U). On April 28, 2008, the appellate court declined jurisdiction over Petitioner's special action. (Answer, p. 3 & Exh. V).

On December 16, 2008, Petitioner filed a Notice of Post-Conviction Relief wherein he raised the following issues:

> 1. Whether the victim was less than 15 years of age was [sic] element of sexual conduct (attempted) with a minor is a violation of A.R.S. §13-604.01?
> 2. Separate convictions of attempted sexual conduct with minor and sexual abuse of a minor under 14 years old arising from same act violated prohibition against double jeopardy?
> 3. Violation of Defendant's 8th Amendment rights when the trial judge order [sic] consecutive sentence[s] of multiplicity charges arising out of the same act?
> 4. Defendant being convicted under the old law of Rule 32.2(a)(3) Rules of Criminal Procedure, whether an asserted claim was of sufficient constitutional magnitude to require a knowing, voluntarily and intelligently [sic] waiver for purpose of Rule 32.2(a)(3) in defendant's case?

(Answer, Exh. W, pp. 2A-2B).

On January 29, 2009, the trial court noted that Petitioner has filed "so many pleadings recently which are not provided by the rules that the court and the State cannot keep track of them." (Answer, Exh. X). Although the State had not responded to Petitioner's "pleadings filed in December 2008,...the court...reviewed the pleadings and read the cases cited, and finds that they are merit less [sic] and precluded under Rule 32.2.a.(2)." (*Id.*).

On April 23, 2009, Petitioner filed a *pro se* petition for appellate court review of the trial court's decision. (Answer, Exh. Y). Petitioner raised the following issues on appeal:

> 1. "Whether Appellants [sic] claims was [sic] of sufficient constitutional magnitude to require a knowing, voluntary, and intelligently [sic] waiver for

| | | |
|---|---|---|
| 1 | | purposes of 32.2 9a) [sic] applied in Appellants [sic] case?" (*Id.* at p. 8); |
| 2 | 2. | Whether the trial judge and the prosecutor had *ex-parte* communications when |
| 3 | | they held a hearing outside Petitioner's presence; |
| 4 | 3. | Whether the State's failure to respond to Petitioner's "Rule 32 petition as |
| 5 | | ordered by the trial [c]ourt deadline allow [sic] the trial [c]ourt Judge to act on |
| 6 | | behalf of the State in answering Appellants [sic] Rule 32 in this case?" (*Id.* at |
| 7 | | p.11); |
| 8 | 4. | Whether Petitioner was illegally sentenced under A.R.S. §13-604.01 on the |
| 9 | | Attempted Sexual Conduct count; |
| 10 | 5. | Whether the trial court abused its discretion in aggravating Petitioner's |
| 11 | | sentence by relying on a prior conviction about which Petitioner was not |
| 12 | | notified; |
| 13 | 6. | "Does A.R.S. [§] 13-604 and A.R.S. [§] 13-1405 exist to punish Appellant for |
| 14 | | Attempted Sexual Conduct in this case?" (*Id.* at p.16); and |
| 15 | 7. | Whether *State v. Gonzalez,* 216 Ariz. 11, 162 P.3d 650 (2007), is a significant |
| 16 | | change in the law under Ariz.R.Crim.P. 32.1(g). |

(Answer, Exh. Y).

On September 23, 2009, the Arizona Court of Appeals granted review but denied relief. (Answer, Exh. Z). The appellate court noted that Petitioner's PCR Petition was governed by Rule 32.2 as amended in 1992 and thus, he

> must establish that his claims are of sufficient constitutional magnitude that they may not be deemed waived by his failure to raise them in previous post-conviction proceedings. *See* Ariz.R.Crim.P. 32.2(a)(3) cmt; *State v. Swoopes,* 216 Ariz. 390, ¶22, 166 P.3d 945, 952 (App. 2007). He has not shown that either his challenges to his sentence or his argument related to former A.R.S. §13-604.01 and A.R.S. §13-1405 constitute such a claim. Thus, he has not shown the trial court abused its discretion in finding his claims precluded.

(*Id.* at ¶3). The court also held that Petitioner failed to substantiate his claim of *ex parte* communication between the trial court and the prosecutor and that it was proper for the trial court to deny his PCR Petition without a response from the State. (*Id.* at ¶4). The court also found that Petitioner had not met his burden to prove that the trial court was biased (*Id.* at

¶5). The court further stated:

> Lastly, Bojorquez maintains that *State v. Gonzalez,* 216 Ariz. 11, 162 P.3d 650 (App. 2007) was a "significant change in the law," entitling him to relief under Rule 32.1(g).[1] Our supreme court, however has already determined that *Gonzalez* was not a significant change in the law. *State v. Shrum,* 220 Ariz. 115, ¶23, 203 P.3d 1175, 1180 (2009). We have no authority to rule otherwise. *See State v. Stanley,* 217 Ariz. 253, ¶28, 172 P.3d 848, 854 (App. 2007).

(*Id.* at ¶6). The court also declined to address Petitioner's new arguments raised on appeal that were not previously presented to the trial court. (*Id.* at ¶7).

On November 4, 2009, Petitioner sought review by the Arizona Supreme Court. (Answer, Exh. AA (raising ten issues for review, several of which were not argued before the appellate court)). On March 17, 2010, the Arizona Supreme Court denied review without comment. (Answer, Exh. BB).

B.     Petitioner's Federal Petition

On July 3, 2010, Petitioner presented his federal habeas petition to prison officials for mailing. (Petition, p. 11; Answer, p. 6 (recognizing same)); *see also Houston v. Lack,* 487 U.S. 266, 270-271 (1988) (under the prison "mailbox rule", a petition is deemed filed when handed by the inmate to a prison official for mailing); *Miles v. Prunty*, 187 F.3d 1104, 1106 n. 2 (9th Cir.1999) (extending the "mailbox rule" to habeas petitions filed under the Antiterrorism and Effective Death Penalty Act of 1996). Petitioner raises the following grounds for relief in his Petition:

1.     Petitioner's right to due process was violated when the trial court applied an amended version of Rule 32.2(a)(3) to him during post-conviction relief proceedings (Ground I);

---

[1]Rule 32.1 of the Arizona Rules of Criminal Procedure governs grounds for post-conviction relief. Under Ariz.R.Crim.P. 32.1(g), a defendant may file a petition-for post-conviction relief on the ground that "[t]here has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence." Ariz.R.Crim.P. 32.(g). The provisions of Ariz.R.Crim.P. 32.2(a) governing preclusion of petitions for post-conviction relief do not apply to a petition raising a claim under Rule 32.1(g). *See* Ariz.R.Crim.P. 32.2(b).

2. Petitioner's right to due process was violated because the trial judge and the prosecutor engaged in *ex parte* communication during post-conviction relief proceedings (Ground II);

3. Petitioner's right to due process was violated because the trial court entered its ruling denying post-conviction relief even though the State had failed to obey the court's order to file a response (Ground III); and

4. Petitioner's Eighth Amendment rights were violated because "he was illegally sentenced under A.R.S. §13-604.01 and...he was denied relief when the Supreme Court of Arizona ruled that *State v. Gonzalez* was not a significant change in the law when it had previously ruled that *State v. Gonzalez* was a significant change [in the] law[]" (Ground IV) (Petition, p.9);

(Petition, pp. 6-9).

Respondents contend that Petitioner's Petition is untimely filed. (Answer, pp. 5-6). Alternatively, Respondents assert that Petitioner's claims are precluded. (*Id.*). Petitioner did not file a reply.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") "imposes a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court." *Patterson, v. Stewart,* 251 F.3d 1243, 1245 (9th Cir. 2001) (*citing* 28 U.S.C. § 2244(d)(1)). Pursuant to section 2244, the limitations period:

> shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Moreover, the AEDPA limitations period may also be subject to statutory or equitable tolling. 28 U.S.C. §2244(d)(2); *Waldron-Ramsey v. Pacholke,* 556 F.3d 1008, 1011 n. 2 (9th Cir. 2009).

A. Analysis under 28 U.S.C. §2244(d)(1)(A)

For Arizona petitioners who enter a guilty plea, like Petitioner herein, a petition for post-conviction relief filed under Rule 32 of the Arizona Rules of Criminal Procedure, in lieu of a direct appeal, is considered a form of "direct review" within the meaning of 28 U.S.C. §2244(d)(1). *See Summers v. Schriro,* 481 F.3d 710, 711, 716-17 (9th Cir. 2007) (referring to such post-conviction relief proceedings as "Rule 32 of-right proceedings..." and concluding that "[b]ecause a Rule 32 of-right proceeding is a form of direct review, AEDPA's one year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of time for seeking such proceeding or review."); *see also* 28 U.S.C. §2244(d)(1)(A) (stating that the judgment becomes final at the later of either the conclusion of direct review or the expiration of time for seeking such review).

Petitioner entered his guilty pleas on April 6, 1993. (Answer, Exh. A & B). On May 24, 1993, the trial court entered its judgment of guilty, and committed Petitioner to the Arizona Department of Corrections to serve his sentences of imprisonment. (Answer, Exh. E; *see also* Answer, Exh. F). Under the rules applicable to Petitioner in 1993, Petitioner had ninety days after the entry of judgment and sentence to file his Rule 32 of-right petition for post-conviction relief. Ariz.R.Crim.P. 32.4 (1987 & 1993 Supp.); *see also Summers,* 481 F.3d at 715-16 (recognizing that "Arizona courts have repeatedly characterized Rule 32 of-right proceedings as the functional equivalent of direct appeals, and have distinguished them from other Rule 32 proceedings.")[2]; (Answer, Exh. G). Petitioner did not file a Rule 32

---

[2]As explained in *Summers*, Rule 17.1(e) Arizona Rule of Criminal Procedure was amended in 1992 to read: "'By pleading guilty or no contest in a noncapital case, a

petition for post-conviction relief until 2003, well after the time for filing an of-right petition expired. (*See* Answer, p. 3 & Exhs. F, G; Petition, p.4 (indicating that first petition for post-conviction relief was filed in 2003)). Therefore, Petitioner's conviction became final on August 24, 1993, when Petitioner's opportunity to file an of-right PCR petition expired. *See Summers,* 481 F.3d at 712 ("AEDPA requires state prisoners to seek federal habeas corpus relief within one year after (1) 'direct review' concludes, or (2) 'the time for seeking such review' expires.' 28 U.S.C. §2244(d)(1)(A)."). Although direct review is not normally complete until the time for filing a petition for a writ of *certiorari* to the United States Supreme Court has expired, *See Bowen v. Roe,* 188 F.3d 1157, 1159 (9th Cir. 1999), *certiorari* can only be sought following a decision or denial of discretionary review by the state court of last resort, *i.e.,* the Arizona Supreme Court. *See* Sup.Ct.R. 13. Because Petitioner did not seek discretionary review from the Arizona Supreme Court, the time for filing a petition for a writ of *certiorari* to the United States Supreme Court does not factor into the statute of limitations calculation herein. Consequently, Petitioner's conviction became final in August 1993.

The AEDPA was enacted in April 1996, a few years after Petitioner's conviction became final. It is well-settled that "[s]tate prisoners, like...[Petitioner herein], whose convictions became final prior to AEDPA's enactment, had a one-year grace period [–until

---

defendant waives the right to have the appellate courts review the proceedings by way of direct appeal, and may seek review only by filing a petition for post-conviction relief pursuant to Rule 32 and, if denied, a petition for review.'" *Summers,* 481 F.3d at 715 (*quoting* Ariz.R.Crim.P. 17.1(e)(as amended in 1992)). By order of the Arizona Supreme Court, the 1992 amendments to Rule 17.1 were made "applicable to all appeals from guilty pleas and admissions to violations of probation conditions and regulations entered on or after September 30, 1992." 171 Ariz. XLVIII; *see also* 171 Ariz. XLIX (showing amendment to Rule 17.1(e)). Rule 32 was also amended at the same time to add of-right review proceedings. *Summers,* 481 F.3d at 715. Pursuant to order of the Arizona Supreme Court, these amendments to Rule 32, except for amendments to Rule 32.4 not at issue here, were made "applicable to all post-conviction relief petitions filed on and after September 30, 1992...." 171 Ariz. XLIV. *See also State v. Rodriguez,* 183 Ariz. 331, 332, 903 P.2d 639, 640 (App. 1995) (same). Petitioner pled guilty to the charges at issue in April 1993. He first sought post-conviction relief in 2003. (*See* Answer, p.3 & Exhs. F, G; Petition, p.4).

April 24, 1997–] in which to file their petitions." *Patterson,* 251 F.3d at 1245-46 (citations omitted).

Because Petitioner initiated this action in July 2010, more than thirteen years after the AEDPA limitations period expired, his Petition is untimely filed unless 28 U.S.C. § 2244(d)(1)(B),(C), or (D) operate to delay commencement of the statute of limitations or tolling applies.

B. Whether 28 U.S.C. § 2244(d)(1)(B),(C) or (D) apply

In Grounds I through III, Petitioner claims that alleged errors during post-conviction relief proceedings with regard to his 2008 Notice of Post-Conviction Relief violated his right to due process.[3] It is arguable that Petitioner was unaware of the factual predicate regarding such errors until that post-conviction relief proceeding transpired and, thus, section 2241(d)(1)(D) may apply to delay commencement of the statute of limitations. However, it is well-settled that a habeas petition "alleging errors in the state-post conviction review process is not addressable through habeas corpus proceedings." *Franzen v. Brinkman,* 877 F.2d 26 (9th Cir. 1989)(due process claim arising from state post-conviction review proceeding is not cognizable on federal habeas review); *see also Ortiz v. Stewart,* 149 F.3d 923, 939 (9th Cir. 1998) (federal habeas relief is not available to "redress alleged procedural errors in state post-conviction proceedings"); *Poland v. Stewart,* 169 F.3d 573, 584 (9th Cir. 1998) ("Federal habeas courts lack jurisdiction...to review state court applications of state procedural rules."); *Gerlaugh v. Stewart,* 129 F.3d 1027, 1045 (9th Cir. 1997) (alleged errors concerning Arizona's post-conviction review process are not cognizable in federal habeas proceeding); *Carriger v. Stewart,* 95 F.3d 755, 762 (9th Cir. 1996) (same), *rev'd on other grounds,* 132 F.3d 462 (1997). Consequently, Petitioner's Grounds I through III are not cognizable on federal habeas review.

In Ground IV of his Petition, Petitioner claims that he was subjected to cruel and

---

[3]Although Petitioner does not specifically reference the 2008 PCR proceeding in Grounds I through III, the record supports the conclusion that the alleged errors occurred during this proceedings. (*See* Answer, Exhs. W, X, Y, Z, AA).

- 9 -

unusual punishment in violation of the Eighth Amendment because he was illegally sentenced in light of *State v. Gonzalez,* 216 Ariz. 11, 162 P.3d 650 (App. 2007) and the Arizona Supreme Court held that *Gonzalez* was not a significant change in the law.

In *Gonzalez,* the Arizona Court of Appeals held that the enhanced sentencing statute for dangerous crimes against children did not apply to attempted sexual conduct with a minor under the age of twelve. *Gonzalez,* 216 Ariz.11, 162 P.3d 650. The court noted that this omission from the sentencing statute appeared to result from an oversight by the state legislature. *Id.* at 14, 162 P.3d at 653 ("it appears the legislature likely did not intend to omit the offense of attempted sexual conduct with a minor under twelve years of age from §13-604.01."). Nonetheless, the court held that it was bound to follow the plain language of the statute which did not encompass attempted sexual conduct with a victim under twelve years of age. *Id.* at 14-15, 162 P.3d at 653-54. Thereafter, in 2009, the Arizona Supreme Court held that *Gonzalez* was not a "significant change in the law" under Rule 32.1(g) of the Arizona Rules of Criminal Procedure governing petitions for post-conviction relief. *State v. Shrum,* 220 Ariz. 115, 120, 203 P.3d 1175, 1180 (2009) (*en banc*). The *Shrum* court determined that:

> *Gonzalez* applied no novel technique of statutory construction; it merely concluded that in enacting § 13-604.01 the legislature omitted, likely unintentionally, any provision for DCAC sentence enhancement for attempted sexual conduct with a minor under the age of twelve. 216 Ariz. at 13-15 ¶¶ 5-15, 162 P.3d at 652-54 ("[T]he plain language of § 13-604.01 does not encompass attempted sexual conduct with a victim under the age of twelve."). Nor does *Gonzalez* rest on a changed interpretation of Arizona constitutional law. In short, the law was not changed in any way by *Gonzalez*. Before that decision, § 13-604.01 contained no language expressly authorizing DCAC enhancement of sentences for attempted sexual conduct with a minor under the age of twelve. No precedent interpreted § 13-604.01 as allowing such enhancement. After *Gonzalez*, the law remained precisely the same.

*Id.* at 119, 203 P.3d at 1179 (footnote omitted). The court further stated that "*Gonzalez* does not purport to overrule any prior opinion; at most, it is merely the first appellate opinion interpreting §13-604.01 on the issue now before us." *Id.* at 119-120, 203 P.3d at 1179-1180.

Section 2244(d)(1) does not include changes relating to state law as a reason for

1 delaying commencement of the limitations period.[4] Moreover, the AEDPA statute of
2 limitations begins to run under section 2244(d)(1)(D) when the petitioner became aware of
3 the factual predicate of his claim, not when he learned the legal significance of those facts.
4 *See Hasan v. Galaza,* 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (time begins to run under the
5 AEDPA when the petitioner knows, or through due diligence, could discover, the important
6 facts, not when the petitioner recognizes their legal significance). Petitioner herein was
7 aware of the factual predicate of his claim when he was sentenced in May 1993. That he may
8 not have understood the legal significance of those facts until later when the *Gonzalez*
9 decision was issued does not delay commencement of the AEDPA statute of limitations
10 under section 2244(d)(1)(D). *See id.* Thus, for purposes of Ground IV, the AEDPA statute
11 of limitations expired on April 24, 1997.

12 Nor is Petitioner's Ground IV subject to statutory tolling given that Petitioner's PCR
13 Petition raising this claim was filed after the AEDPA statute of limitations period expired.
14 It is well-settled that a state post-conviction relief proceeding filed *after* expiration of the
15 AEDPA statute of limitations period has no effect whatsoever on the statute of limitations
16 calculation because such state proceeding can neither revive the limitations period nor toll
17 the already-expired period. *See Ferguson v. Palmateer,* 321 F.3d 820, 823 (9th Cir. 2003)
18 ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended
19 before the state petition was filed."); *Jiminez v. Rice,* 276 F.3d 478, 482 (9th Cir. 2001)
20 (where petitioner filed his state post-conviction relief proceeding "after the AEDPA statute
21 of limitations ended...[t]hat delay resulted in an absolute time bar..."); *Rashid v. Khulmann,*
22 991 F.Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral
23 petitions can no longer serve to avoid a statute of limitations."). Therefore, because
24 Petitioner did not initiate post-conviction relief proceedings on this issue until well after the
25 AEDPA statute of limitations expired, such proceedings did not restart the AEDPA's statute

---

[4] It is also questionable whether the *Gonzalez* decision resulted in *any* change in the law given the Arizona Supreme Court's ruling in *Shrum. See Shrum,* 220 Ariz. 115, 203 P.3d 1175.

of limitations period. *Id.* Consequently, the AEDPA statute of limitations is not subject to statutory tolling on this record. Therefore, Petitioner's Ground IV is untimely unless equitable tolling applies.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418. *See also Waldron-Ramsey,* 556 F.3d at 1011. Additionally, "[a] petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Arizona Attorney General,* 499 F.3d 1056, 1061 (9th Cir. 2007). *See also Waldron-Ramsey,* 556 F.3d at 1011 (an external force must cause the untimeliness, and thus, mere oversight, miscalculation or negligence on the petitioner's part would preclude the application of equitable tolling). The petitioner must also establish that the extraordinary circumstances asserted were, in fact, the reason why the federal habeas petition was untimely. *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir. 2003). A *pro se* petitioner's "lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Raspberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006).

Petitioner has not argued to this Court that equitable tolling is warranted. Nor does the record reflect that Petitioner pursued his rights diligently and that some extraordinary circumstance stood in his way. Petitioner was aware of the facts relating to his sentence at the time he was sentenced in May 1993. Any purported lack of legal sophistication regarding the legal significance of those facts do not justify equitable tolling on the instant record. *See Raspberry,* 448 F.3d at 1154; *see also Pham v. Ryan,* 2010 WL 4393012, * 3 (D. Ariz. Oct. 29, 2010) (petitioner was not entitled to equitable tolling based on the *Gonzalez* decision because he was aware of the factual predicate of his claims when he was sentenced); *Martin v. Clay,* 2008 WL 4911329, *4 (E.D. Cal. Nov. 13, 2008) ("the fact that Petitioner did not discover a potential legal theory until after the one-year period expired is not grounds for equitable tolling.").

Moreover, even if the AEDPA statute of limitations could be equitably tolled with

1 regard to Petitioner's Ground IV, the claim is not cognizable for federal habeas review.
2 Petitioner's claim focuses on the Arizona court's interpretation of state sentencing statutes
3 and the state procedural rules governing petitions for post-conviction relief. *See Shrum,* 220
4 Ariz. 115, 203 P.3d 1175. However, "it is not the province of a federal habeas court to
5 reexamine state-court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S.
6 62, 67-68 (1991); *see also Lewis v. Jeffers,* 497 U.S. 764, 780 (federal habeas relief is not
7 available for errors of state law). Moreover, using federal constitutional language in a claim
8 does not transform a state-law claim into a federal claim. *See Langford v. Day,* 110 F.3d
9 1380, 1389 (9th Cir. 1996) (holding that the petitioner cannot "transform a state-law issue into
10 a federal one merely by asserting a violation of due process. We accept a state court's
11 interpretation of state law,...and alleged errors in application of state law are not cognizable
12 in federal habeas corpus."). Petitioner herein challenges the Arizona court's interpretation
13 and application of state sentencing statutes and the rules governing post-conviction relief
14 proceedings. Despite Petitioner's characterization of his claim as a federal constitutional
15 claim, the claim "challenge[s] state law determinations on issues of state law and accordingly
16 [is]...not cognizable on federal habeas review." *Pham,* 2010 WL 4393012 at *2; *see also*
17 *Wilson v. Ryan,* 2010 WL 3239449, *3 (D.Ariz. July 26, 2010) (petitioner's argument that
18 he should be resentenced under a different statute in light of *Gonzalez* "raise[s] questions of
19 state law..." and, thus, is not reviewable in a federal habeas proceeding), *adopted, Wilson v.*
20 *Ryan,* CV 09-2440-PHX-NVW (D.Ariz. Aug. 16, 2010 Order (Doc. 19)).

21 **III. CONCLUSION**

22 Petitioner's Ground IV is time barred. Moreover, even if Petitioner's Petition for Writ
23 of Habeas Corpus was timely filed, Petitioner's Petition in its entirety fails to raise
24 cognizable grounds for relief on federal habeas corpus review. Therefore, the Petition should
25 be dismissed.

26 **IV. RECOMMENDATION**

27 For the foregoing reasons, the Magistrate Judge recommends that the District Court,
28 after its independent review, dismiss Petitioner's Petition for Writ of Habeas Corpus. (Doc.

No. 1).

Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure and LRCiv 7.2(e), Rules of Practice of the U.S. District Court for the District of Arizona, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed.R.Civ.P. 72(b)(2). If objections are filed, the parties should use the following case number: **CV 10-418-TUC-CKJ.**

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be deemed a waiver of the party's right to *de novo* review of the issues. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 1st day of August, 2011.

_____
Héctor C. Estrada
United States Magistrate Judge